UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> - vs - <br><br> BELLA'S BAR & GRILL LLC, <br> d/b/a BELLA'S BAR & GRILL, and <br> DANIEL ZUNIGA, <br> d/b/a BELLA'S BAR & GRILL, <br><br> Defendants. | CASE NO.: 1:19-cv-00140 |

**PLAINTIFF, JOE HAND PROMOTIONS, INC.'S**
**JURY INSTRUCTIONS AND VERDICT FORM**

**MEMBERS OF THE JURY:**

## GENERAL INSTRUCTIONS

You have heard the evidence in this case. It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

1

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[1]

### A. BURDEN OF PROOF

Plaintiff has the burden of proving its case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of its claim by a preponderance of the evidence, then it may not recover on that claim.[2]

### B. EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[3]

### C. WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

---

[1] Fifth Circuit Pattern Jury Instructions (Civil Cases) §§ 3.1, 2.16 (2014).

[2] *Id.* at § 3.2

[3] *Id.* at § 3.3

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.[4]

### D. NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.[5]

### E. ACTS OF A CORPORATION

A corporation may act only through natural persons as its agents or employees. In general, supervisors or decision makers of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation, or within the scope of their duties as employees of the corporation.

### F. DUTY TO DELIBERATE; NOTES

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

---

[4] *Id.* at § 3.4

[5] *Id.* at § 3.6

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.[6]

---

[6] *Id*. at § 3.7

**CASE INSTRUCTIONS**

This is an "Anti-Piracy" case under the Federal Communications Act of 1934, as amended (the "Communications Act") and the Copyright Act of the United States ("Copyright Act").

The Communications Act protects against the piracy of radio and television signals. Plaintiff pled this matter in the alternative. In this case, Plaintiff moves solely under Title 47 U.S.C. § 605.

The Copyright Act protects against the infringement of another person's original work.

Plaintiff, Joe Hand Promotions, Inc. alleges that it entered into an agreement with the promotors and copyright owner of the Program to hold the exclusive commercial distribution rights to the public exhibition of the audiovisual presentation of the *Floyd Mayweather Jr. vs. Conor McGregor* boxing match, including all undercard bouts and commentary, telecast nationwide on Saturday, August 26, 2017 for business establishments such as the one made the subject of this case.

Plaintiff, Joe Hand Promotions, Inc. alleges that by written agreement with the owner of the registered copyright [PA 2-066-333] of the Program, Showtime Networks Inc., Joe Hand Promotions, Inc. was assigned ownership and held an exclusive license to the right to distribute [17 U.S.C. § 106(3)] and authorize the public performance [17 U.S.C. § 106(4)] of the Program.

Plaintiff alleges that Bella's Bar & Grill LLC owned, maintained, and controlled the commercial establishment known as Bella's Bar & Grill located at 877 S. Sam Houston Blvd., San Benito, Texas on the date of the Program.

Plaintiff alleges that Daniel Zuniga was the owner, manager, and principal of Bella's Bar & Grill LLC on the date of the Program.

Plaintiff has brought claims against Bella's Bar & Grill LLC and Daniel Zuniga for piracy under both the Communications Act and the Copyright Act for the interception or receipt and public display of the broadcast of the Program at the Establishment on August 26, 2017.

"Program" means the broadcast of the *Floyd Mayweather Jr. vs. Conor McGregor* boxing match, which included all undercard bouts and the entire television broadcast, scheduled for Saturday, August 26, 2017, or the broadcast of any portion thereof.

"Establishment" means the commercial establishment known as Bella's Bar & Grill located at 877 S. Sam Houston Blvd., San Benito, Texas.

## PIRACY - VIOLATION OF 47 U.S.C. § 605

47 U.S.C. § 605(a) provides, *inter alia*, that:

> [n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

"Section 605(a) generally prohibits any unauthorized publication of an intercepted wire or radio communication, including satellite cable programming." [7]

"[47 U.S.C. § 605] is a strict liability statute, and the plaintiff is required only to prove the unauthorized exhibition of the intercepted transmission."[8]

"Strict liability' means liability without regard to fault; it does not normally mean liability for every consequence, however removed, of one's conduct.[9] Therefore, "the plaintiff need only show that the [Program] was shown in the defendant's establishment without the plaintiff's authorization."[10]

To establish a claim for satellite piracy under 47 U.S.C. § 605, Plaintiff must establish by a preponderance of the evidence each of the following:

(a) Plaintiff had the exclusive commercial distribution rights to the Program;

(b) Defendants intercepted or received the Program via a wire or radio communication;

(c) The Program was divulged or published at the Establishment on August 26, 2017; and

(d) Defendants were not entitled to show the Program.

---

[7] *See* Cause No. 1:12-cv-00024; *Joe Hand Promotions, Inc. v. Menchaca, et al.* in the United States District Court for the Southern District of Texas, Brownsville Division (Order, August 1, 2012)(Tagle, H.)(citing *Int'l Cablevision, Inc. v. Sykes*, 997 F.2d 998, 1007) 2nd Cir. 1993); *Kingvision Pay-Per-View, Ltd. v. Valles*, 2001 WL 682205 at *2 (W.D. Tex. 2001).

[8] *See* Cause No. 4:11-cv-01773; *Joe Hand Promotions, Inc. v. Macias* (Memorandum and Order)(S.D. Tex., March 19, 2012)(Atlas, N.)(referencing *KingVision Pay-Per-View, Ltd. v. Lake Alice Bar*, 168 F.3d 347, 349 (9th Cir. 1999)(the finding that bar had, without authorization, shown a preliminary bout required judgment in favor of the plaintiff)).

[9] *Babbit v. Sweet Home Chapter of Communities for a Great Oregon*, 515 U.S. 687, 712 (1995).

[10] *See* Cause No. 7:15-cv-00265; *Joe Hand Promotions, Inc. v. Fernandez* in the United States District Court for the Southern District of Texas, McAllen Division (Order of Default Judgment, March 7, 2016)(Alvarez, M.)(citing *Joe Hand Promotions, Inc. v. Lee*, No. CIV.A. H-11-2904, 2012 WL 1909348, at *3 (S.D. Tex. May 24, 2012).

If you find that any of these propositions have not been proven by a preponderance of the evidence, then your verdict must be for Defendants, Bella's Bar & Grill LLC and Daniel Zuniga on this claim. On the other hand, if you find that all four of these elements have been proven by a preponderance of the evidence, then your verdict must be for Plaintiff, Joe Hand Promotions, Inc. and against Defendants, Bella's Bar & Grill LLC and Daniel Zuniga.

### WILLFUL VIOLATION - 47 U.S.C. § 605

Plaintiff alleges that Defendants' actions, when unlawfully showing the Program, were

(a) Willful; and
(b) For purposes of direct or indirect commercial advantage or private financial gain.

"Willful" means to act with a "disregard for the governing statute and an indifference to its requirements." *See ON/TV of Chicago v. Julien*, 763 F.2d 839, 844 (7th Cir. 1985)(quoting *TransWorld Airlines, Inc. v. Thurston*, 469 U.S. 111, 127 (1985)); *KingVision Pay-Per-View, Ltd. v. Jasper Grocery*, 152 F. Supp. 2d 438, 442 (S.D.N.Y. 2001); *see also Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999)(when finding willfulness the court stated, "there can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. *Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems*".)(emphasis added). *See also KingVision Pay-Per-View, Ltd. v. Valles*, EP-CA-179-DB, 2001 U.S. Dist. LEXIS 24268, at *9 (W.D. Tex. March 30, 2001)(Briones, D.)("While Defendants may not have been well-versed in the statutory restrictions on the unauthorized interception of satellite transmissions, the Court finds that *there must have been some knowledge on the part of Defendants* that such interception could not be had for free.")(emphasis added).

"The willfulness of Defendant's violation is inferable from the violation itself. One court aptly noted that "[s]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." Moreover, the willfulness of Defendant's violation is inferable from his demonstrated disregard for the governing statute and an indifference for its requirements." *See Cause No. 7:16-cv-00460 Joe Hand Promotions, Inc. v. Canales* in the United States District Court for the Southern District of Texas, McAllen Division (Order, June 13, 2017)(citing *Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F.Supp. 2d 485, 490 (S.D.N.Y. 1999).

If you find that any of these propositions have not been proven by a preponderance of the evidence, then your verdict must be for Defendants, Bella's Bar & Grill LLC and Daniel Zuniga on this claim. On the other hand, if you find that both of these elements have been proved by a preponderance of the evidence, then your verdict must be for Plaintiff, Joe Hand Promotions, Inc. and against Defendants, Bella's Bar & Grill LLC and Daniel Zuniga.

## VICARIOUS LIABILITY – COMMUNICATIONS ACT

Plaintiff alleges that Daniel Zuniga is vicariously liable for the wrongful broadcast of the Program at the Establishment on August 26, 2017.

To establish that Daniel Zuniga is vicariously liable, Plaintiff must establish by a preponderance of the evidence each of the following:

(a) Daniel Zuniga had the right and ability to supervise the infringing activity; and
(b) A strong financial interest in such activities.[11]

A corporate officer "who has a financial interest in the company and the ability to supervise or control an infringing activity will be held personally liable." *Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc.*, 829 F. Supp. 62, 66 (S.D.N.Y. 1993). Plaintiff need only establish these two elements and does not need to prove a defendant's knowledge of the infringing activity. *Arista Records, Inc. v. Flea World, Inc.*, 2006 WL 842883, at *9 (D.N.J. 2006).

"Even if Defendants were unaware of the [Program] being broadcast at their Establishment, personally had no intent to broadcast it, and realized no financial gain from it, Defendants are still vicariously liable for this willful violation of the statute." *See Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 759 (S.D. Tex. 2014).

## DAMAGES – COMMUNICATIONS ACT

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.[12]

If you find for Plaintiff on its claim under 47 U.S.C. § 605, Plaintiff has the option of electing the type of damages it wishes to receive. In this case, Plaintiff has elected to receive statutory damages.

First, if you find that Defendants are liable to Plaintiff for the unauthorized broadcast of the Program, you may award Plaintiff statutory damages in a sum of not less than $1,000 and not more than $10,000.

Second, if you find that Defendants' unauthorized broadcast of the Program was willful and for the purposes of direct or indirect commercial advantage or private financial gain, you may award Plaintiff up to an additional $100,000.

---

[11] *See J & J Sports Productions, Inc. v. Ribeiro*, 562 F. Supp. 2d 498, 501 (S.D.N.Y. 2008); *J&J Sports Prods., Inc. v. Flores*, 913 F. Supp. 2d 950, 963 (E.D. Cal. 2012)("The Court further finds the same standards enunciated above for vicarious and contributory liability under section 605 apply equally to section 553. Consistent with its analysis of Defendants' vicarious and contributory liability under section 605, the Court finds no triable issue of material fact as to Defendants' vicarious or contributory liability under section 553.").
[12] Tex. PJC 115.19

### A. STATUTORY DAMAGES

47 U.S.C. § 605(e)(3)(C)(i)(II) provides, *inter alia*, that:

> The party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just.

"Party aggrieved" includes any person with proprietary rights in the intercepted communication by wire or radio.[13]

### B. ADDITIONAL DAMAGES

47 U.S.C. § 605(e)(3)(C)(ii) provides that:

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

### ATTORNEY'S FEES – COMMUNICATIONS ACT

To pursue its claims, Plaintiff had to retain counsel to represent it in this case, because a corporation cannot represent itself and must appear through an attorney.

A corporation must be represented by an attorney in federal court.[14]

If you find for Plaintiff on its claim under 47 U.S.C. § 605, Plaintiff is entitled to recovery of full costs, including awarding reasonable attorney's fees.

47 U.S.C. § 605(e)(3)(B)(iii) provides that:

> The court – . . .(iii) shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.

---

[13] 47 U.S.C. § 605(d)(6).
[14] *See Nat'l Independent Theatre Exhibitors v. Buena Vista Distribution*, 748 F.2d 602, 609 (11th Cir. 1984), *cert. denied*, 471 U.S. 1056 (1985); *Jones v. Niagra Frontier Transp. Authority*, 722 F.2d 20, 22 (2d Cir. 1983); *Richdel, Inc. v. Sunspool Corp.*, 699 F.2d 1366 (Fed. Cir. 1983).

### PIRACY – COPYRIGHT ACT

Plaintiff, Joe Hand Promotions, Inc., claims ownership of a copyright, as exclusive licensee and copyright assignee, to the right to distribute [17 U.S.C. § 106(3)] and the right to the public performance [17 U.S.C. §106(4)] in the copyright of the Program, and seeks statutory damages for copyright infringement. Defendants deny infringing the copyright. To help you understand the evidence, the following explains some of the legal terms you heard during this trial.

### DEFINITION – COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

To prove copyright infringement, Plaintiff, Joe Hand Promotions, Inc. must establish

(1) ownership of a valid copyright; and

(2) that the Defendants infringed any of its exclusive rights granted by 17 U.S.C. § 106.

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to

(1) distribute copies of the copyrighted work to the public by sale or other transfer of ownership or by rental or lease or lending; or

(2) perform publicly a copyrighted audiovisual work.

It is the owner of a copyright who may exercise these exclusive rights.

### COPYRIGHT INTERESTS

The copyright owner may transfer, sell, or convey to another person all or part of the owner's property interest in the copyright, that is, the right to exclude others from reproducing, distributing, performing, displaying or preparing derivative works from the copyrighted work. To be valid, the transfer, sale, or conveyance must be in writing and signed by the transferor. The person to whom a right is transferred is called an assignee.

The copyright owner may agree to let another person exclusively reproduce, distribute, perform, display, use, or prepare a derivative work from the copyrighted work. To be valid, the transfer must be in writing and signed by the transferor. The person to whom this right is transferred is called the exclusive licensee. The exclusive licensee has the right to exclude others from the right to distribute [17 U.S.C. § 106(3)] and the right to the public performance [17 U.S.C. §106(4)] of the copyrighted work.

The term "owner" includes an assignee and exclusive licensee. In general, copyright law protects against the public distribution and public performance of identical or substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.

In this case, Plaintiff, Joe Hand Promotions, Inc. does not claim to be the author, creator, or initial owner of the copyright in and to the Program. Instead, Plaintiff, Joe Hand Promotions, Inc. claims that it received the copyright in and to the right to distribute [17 U.S.C. § 106(3)] and the right to the public performance [17 U.S.C. §106(4)] of the Program by virtue of the work's creator, Showtime Networks Inc. so that Plaintiff, Joe Hand Promotions, Inc. is an assignee and exclusive licensee. Therefore, Plaintiff, Joe Hand Promotions, Inc. is an owner of those rights to the copyright in the Program.

### HOW A COPYRIGHT IS OBTAINED

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression. The owner of the copyright may apply to register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office. After determining that the materials deposited constitutes copyrightable subject matter and that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

### PLAINTIFF'S BURDEN OF PROOF

In this case, Plaintiff, Joe Hand Promotions, Inc. contends that Defendants, Bella's Bar & Grill LLC and Daniel Zuniga, have infringed on Plaintiff's exclusive rights in the copyright. Plaintiff has the burden of proving by a preponderance of the evidence that the Plaintiff is the owner of the copyright, as licensee or assignee, and that the Defendants copied the original expression from the copyrighted work. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

### LIABILITY FOR INFRINGEMENT

One who publicly distributes or publicly performs a copyrighted work without authority from the copyright owner, exclusive licensee, or assignee during the term of the copyright infringes the copyright.

Copyright may also be infringed by vicariously infringing or contributorily infringing.

## VICARIOUS INFRINGEMENT

If you find that either Defendant infringed the Plaintiff's copyright in the Program, you must determine whether the other Defendant vicariously infringed that copyright. The Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

(1) the Defendant directly benefitted from the infringing activity of the other Defendant;

(2) the Defendant had the right and ability to supervise the infringing activity of the other Defendant; and

(3) The Defendant failed to exercise that right and ability.

If you find that Bella's Bar & Grill LLC infringed on Plaintiff's rights in the copyright of the Program and you also find that Daniel Zuniga directly benefited from the infringing activity, had a right and ability to supervise the infringing activity, and failed to exercise that right and ability, your verdict should be for Plaintiff.

## CONTRIBUTORY INFRINGEMENT

A defendant may be liable for copyright infringement engaged in by another if he knew or had reason to know of the infringing activity and intentionally induced or materially contributed to that infringing activity.

If you find that Bella's Bar & Grill LLC infringed on Plaintiff's rights in the copyright of the Program, you must determine whether Daniel Zuniga contributorily infringed that copyright. The Plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

(1) Daniel Zuniga knew or had reason to know of the infringing activity of Bella's Bar & Grill LLC; and

(2) Daniel Zuniga intentionally induced or materially contributed to Bella's Bar & Grill LLC's infringing activity.

If you find that Bella's Bar & Grill LLC infringed on Plaintiff's rights in the copyright of the Program and you also find that the Plaintiff has proven both of these elements, your verdict should be for the Plaintiff.

## COPYRIGHT DAMAGES – STATUTORY DAMAGES

If you find for the Plaintiff on Plaintiff's copyright infringement claim, you must determine Plaintiff's damages. The Plaintiff seeks a statutory damage award, established by Congress for the work infringed. Its purpose is not only to compensate the Plaintiff for its losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

However, if you find that the infringement was willful, you may increase the award of statutory damages to not more than $150,000 for each work willfully infringed.

An infringement is considered willful when the Plaintiff has proven both of the following elements by a preponderance of the evidence:

(1) The Defendant engaged in acts that infringed the copyright; and

(2) The Defendant knew that those acts infringed the copyright, or the Defendant acted with reckless disregard for, or willful blindness to, the copyright holder's rights.

### ATTORNEY'S FEES – COPYRIGHT ACT

To pursue its claims, Plaintiff had to retain counsel to represent it in this case, because a corporation cannot represent itself and must appear through an attorney.

A corporation must be represented by an attorney in federal court.[15]

Courts may award reasonable attorney's fees and costs, in full, to the prevailing party as part of the costs.[16]

If you find in favor of the Plaintiff, Plaintiff asks that you award to Plaintiff its reasonable attorney's fees and costs in this suit.

---

[15] *See Nat'l Independent Theatre Exhibitors v. Buena Vista Distribution*, 748 F.2d 602, 609 (11th Cir. 1984), *cert. denied*, 471 U.S. 1056 (1985); *Jones v. Niagra Frontier Transp. Authority*, 722 F.2d 20, 22 (2d Cir. 1983); *Richdel, Inc. v. Sunspool Corp.*, 699 F.2d 1366 (Fed. Cir. 1983).

[16] See 17 U.S.C. § 505.  *See also Compaq Computer Corp. v. Ergonome, Inc.*, 387 F.3d 403, 411 (5th Cir. 2004)("The Fifth Circuit has acknowledged that an award of attorneys' fees in copyright cases is within the discretion of the trial court, but has held that the award of attorneys' fees in copyright cases is the rule rather than the exception, and should be awarded routinely."

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOE HAND PROMOTIONS, INC.,

        Plaintiff,

- vs -

BELLA'S BAR & GRILL LLC,
d/b/a BELLA'S BAR & GRILL, and
DANIEL ZUNIGA,
d/b/a BELLA'S BAR & GRILL,

        Defendants.

CASE NO.: 1:19-cv-00140

## **VERDICT FORM**

    In answering these questions, you are to follow all of the instructions I have given you in the Court's Final Instructions to the Jury. Your answers to each question must be unanimous.

**PIRACY – LIABILITY UNDER THE COMMUNICATIONS ACT (47 U.S.C. § 605)**

QUESTION 1.

*Did Joe Hand Promotions, Inc. hold the exclusive commercial distribution rights to the public exhibition of the audiovisual presentation of the Program for businesses such as the Establishment?*

Answer "Yes" or "No."

ANSWER: _____

If you answered "Yes" to QUESTION 1, answer the following QUESTION 2. Otherwise do not answer the next QUESTION 2.

QUESTION 2.

*Did Defendants or either one of them commit piracy via a satellite signal?*

Answer "Yes" or "No."

ANSWER as to Bella's Bar & Grill LLC: _____

ANSWER as to Daniel Zuniga: _____

If you answered "Yes" to any part of QUESTION 2, answer the following QUESTION 3. Otherwise do not answer QUESTION 3.

**WILLFUL VIOLATION – COMMUNICATIONS ACT (47 U.S.C. § 605)**

QUESTION 3.

*Did Defendants or either one of them willfully and for purposes of direct or indirect commercial advantage and private financial gain, receive, assist in receiving, transmit or assist in transmitting the Program and divulge or publish the Program at their Establishment without authorization?*

Answer "Yes" or "No."

ANSWER as to Bella's Bar & Grill LLC: _____

ANSWER as to Daniel Zuniga: _____

If you answered "Yes" to any part of QUESTION 3, answer QUESTION 4, QUESTION 5, and QUESTION 6. Otherwise do not answer QUESTION 4, QUESTION 5, or QUESTION 6.

If you answered "Yes" to QUESTION 3 as to Bella's Bar & Grill LLC, answer QUESTION 4, QUESTION 5, and QUESTION 6.

**VICARIOUS LIABILITY – COMMUNICATIONS ACT**

QUESTION 4.

*Did Daniel Zuniga have the right and ability to supervise the infringing activity and a strong financial interest in such activities on August 26, 2017?*

Answer "Yes" or "No."

ANSWER: _____

**STATUTORY DAMAGES – COMMUNICATIONS ACT**

QUESTION 5.

*What sum of money between $1,000 and $10,000, if paid now in cash, should be assessed in favor of Joe Hand Promotions, Inc. as statutory damages for the violation of 47 U.S.C. § 605?*

Answer in dollars and cents:

ANSWER: _____

**ADDITIONAL DAMAGES – COMMUNICATIONS ACT**

QUESTION 6.

*What sum of money of not more than $100,000, if paid now in cash, should be assessed in favor of Joe Hand Promotions, Inc. as additional damages for the violation of 47 U.S.C. § 605?*

Answer in dollars and cents:

ANSWER: _____

**ATTORNEY'S FEES AND COSTS**

QUESTION 7.

*What sum of money, if paid now in cash, should be assessed in favor of Joe Hand Promotions, Inc. for reasonable attorney's fees and costs?*

Answer in dollars and cents:

ANSWER: _____

**PIRACY – LIABILITY UNDER THE COPYRIGHT ACT (17 U.S.C. § 101)**

QUESTION 1.

*Is Joe Hand Promotions, Inc. the owner of the right to distribute and the right to the public performance of the Program under the copyright in the Program?*

Answer "Yes" or "No."

ANSWER: _____

If you answered "Yes" to QUESTION 1, answer the following QUESTION 2. Otherwise do not answer the next QUESTION 2.

QUESTION 2.

*Did Defendants or either of them infringe on Plaintiff's rights in the copyright of the Program?*

Answer "Yes" or "No."

ANSWER as to Bella's Bar & Grill LLC: _____

ANSWER as to Daniel Zuniga: _____

If you answered "Yes" as to Bella's Bar & Grill LLC, answer the following QUESTION 3 and QUESTION 4. Otherwise do not answer QUESTION 3 and QUESTION 4, and proceed to answer QUESTION 5 and QUESTION 6.

**VICARIOUS LIABILITY – COPYRIGHT ACT**

QUESTION 3.

*Is Daniel Zuniga vicariously liable for the copyright infringement of Bella's Bar & Grill LLC?*

Answer "Yes" or "No."

ANSWER: _____

Regardless of your answer to QUESTION 3, answer QUESTION 4.

**CONTRIBUTORY INFRINGEMENT – COPYRIGHT ACT**

QUESTION 4.

*Is Daniel Zuniga liable for contributory infringement?*

Answer "Yes" or "No."

ANSWER: _____

If you answered "Yes" to any part of QUESTION 2, QUESTION 3, or QUESTION 4, answer the following QUESTION 5 and QUESTION 6.  Otherwise do not answer QUESTION 5 and QUESTION 6.

**STATUTORY DAMAGES – COPYRIGHT ACT**

QUESTION 5.

*What sum of money between $750 and $150,000, if paid now in cash, should be assessed in favor of Joe Hand Promotions, Inc. as statutory damages for copyright infringement?*

Answer in dollars and cents:

ANSWER: _____

**ATTORNEY'S FEES AND COSTS – COPYRIGHT ACT**

QUESTION 6.

*What sum of money, if paid now in cash, should be assessed in favor of Joe Hand Promotions, Inc. for reasonable attorney's fees and costs?*

Answer in dollars and cents:

ANSWER: _____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of October, 2020, a true and correct copy of the foregoing was served as follows:

*Via the Court's ECF System and First-Class Mail upon*:

    Larry Warner
    3109 Banyan Drive
    Harlingen, Texas 78550
    E:  office@larrywarner.com
    E: larrywarner1945@gmail.com

*/s/ Jamie King*                                  10/20/2020
Jamie King                                          Date